## Commonwealth v. Shade

*D. Richard Eckman, District Attorney,* for Commonwealth.
*William C. Haynes,* for defendant.

BUCHER, *J.,* October 14, 1977—The matter before the court is an application to quash an information charging retail theft under the Crimes Code Act of December 6, 1972, P.L. 1482, 18 C.P.S.A. §3929(a)(1). This is a summary offense unless, as in the instant case, defendant is a second offender. Defendant had been convicted previously of the summary offense of shoplifting under the old Penal Code of June 24, 1939, P.L. 872, as amended, 18 P.S. §4816.1, App. Hence, if convicted of the present offense and if the prior conviction is applicable, defendant's crime becomes a misdemeanor of the second degree, the value of the goods being less than $100.

Section 3929(a)(1) of the Crimes Code provides: "(a) A person is guilty of a retail theft if he: (1) takes possession of any merchandise offered for sale by any store or other retail mercantile establishment with the intention of converting it to his own use without paying to the owner the value thereof."

Section 816.1 of the old Penal Code of July 5, 1957, P.L. 501, provided that: "Whoever shall wilfully take possession of any goods, wares or merchandise offered for sale by any store or other mercantile establishment, with the intention of converting the same to his own use without paying the purchase price thereof, shall be guilty of shoplifting."

Defendant contends that these acts are wholly different, constitute separate offenses and that, in any event, the present crime charged is de minimis.

We disagree with these contentions. Both acts prohibit the theft of merchandise, both require an intention to convert to one's own use and both require that the actor intend not to pay the purchase price or full value thereof.

Nor is it fatal to the prosecution that the first offense occurred prior to the enactment of the Crimes Code. In 24B C.J.S. 1960(5) it is said: ". . . in order to authorize the infliction of a more severe penalty on conviction for a second or a subsequent offense, it is not necessary that the first conviction . . . should have occurred subsequent to the enactment of the statute or the amendment thereof." People v. Hightower, 112 N.E. 2d 126, cert. den. 346 U.S. 875; Com. v. Warner, 87 D. & C. 91 (1954).

We do not consider this case de minimis because, while the value of the goods here is small, the annual business loss from shoplifting in this nation is $504,000,000 and represents 17 percent of the losses from all crimes against business establishments.* Shoplifting is a serious problem in the aggregate and adversely affects taxpayers and consumers.

## ORDER

And now, October 14, 1977, for the foregoing reasons the application to quash is denied.

---

*The U.S. Fact Book, 1976, prepared by Bureau of Census, U.S. Department of Commerce.